*44 MARKMAN, J.
(dissenting). I concur fully with the discussion in part IV of Justice Young’s dissenting opinion and therefore also dissent.
*45 Motion for Recusal Denied July 21, 2009:
United States Fidelity & Guaranty Company v Michigan Catastrophic Claims Association, No. 133466, and Hartford Insurance Company of the Midwest v Michigan Catastrophic Claims Association, No. 133468.
On order of the Court, the motion for recusal is considered, and it is denied.
HATHAWAY, J.
On March 27, 2009, this Court issued an order granting rehearing in this matter.[1] Since that time, defendant Michigan Catastrophic Claims Association (MCCA) has filed a motion asking me to recuse myself. The nature of the objection is well described in the parties’ briefs and responses thereto.[2] 3***I have reviewed these pleadings in detail.
I have also had an opportunity to review Caperton v A T Massey Coal Co, Inc, 556 US _; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), and the briefs filed by the parties regarding this new decision. In reviewing whether there was a due process violation in the refusal of Justice Benjamin[3] to disqualify himself, the United States Supreme Court held as follows:
We conclude that there is a serious risk of actual bias— based on objective and reasonable perceptions — when a person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the *46 case by raising funds or directing the judge’s election campaign when the case was pending or imminent....
Our decision today addresses an extraordinary situation where the Constitution requires recusal. Massey and its amici predict that various adverse consequences will follow from recognizing a constitutional violation here — ranging from a flood of recusal motions to unnecessary interference with judicial elections. We disagree. The facts now before us are extreme by any measure. The parties point to no other instance involving judicial campaign contributions that presents a potential for bias comparable to the circumstances in this case. [Id., slip op at 14, 16-17 (emphasis added).]
Given this test, I find no arguable due process violation in the cases before me. There is nothing alleged by the MCCA that would cause any reasonable person to believe that there is a significant and disproportionate influence being asserted upon me under any objective analysis.
Despite the theories proffered by the MCCA, my husband has no connection to or financial interest in this matter. He is not an attorney for or employee of any party, nor is he a litigant in either of these cases. He has no relationship with either the attorneys or the litigants in these cases. The MCCA asserts that, because my spouse has handled cases in the field of no-fault insurance law, I must recuse myself. However, this assertion suggests a basis for recusal that is so attenuated from the facts of these cases that it strains reasoned logic.
This is not to say that parties should be impeded from bringing such motions. However, not every hypothetical theory proffered by a litigant must be accepted as accurate or controlling. The issue to be decided is one of due process. Any alleged due process claim must be evaluated *47 by an objective standard. Due process does not require that a justice recuse himself or herself merely because the justice’s spouse or child is an attorney practicing in the field of law that is involved in the disputed case, just as due process would not require a justice’s recusal in all medical malpractice cases merely because the justice’s spouse is a physician or require a justice’s recusal in all cases involving school systems merely because the justice’s spouse is a teacher.
In conclusion, I have no personal bias or prejudice for or against any party in this matter. Moreover, neither I nor any member of my immediate family has any real or arguable financial interest in this case. The allegations made by the MCCA are not a basis for recusal because there is no appearance of impropriety and no due process violation. Accordingly, there is no reason to recuse myself.[4] Having carefully considered this motion for recusal, I deny it.[5]
KELLY, C.J., and CAVANAGH, J. We concur with the statement of Justice HATHAWAY.

 United States Fidelity Ins & Guaranty Co v Michigan Catastrophic Claims Ass’n, 483 Mich 918 (2009).

 The motion and related documents, including all the briefs of the parties and the amici curiae, may be viewed at chttp: //courts.michigan.gov/supremecourt/Clerk/10-08/133466-133468/133466133468-Index.htm>.

 Justice Benjamin sits on the West Virginia Supreme Court of Appeals and had received in excess of $3 million in financial support to his campaign from the individual who was chairman, chief executive officer, and president of the defendant in the case before him.

 Currently, there are no rules governing the recusal of justices. On March 18, 2009, a majority of this Court voted to publish for comment various proposals for rules that would govern the recusal of justices. 483 Mich 1205 (2009). Until such time as comprehensive rules governing the recusal of justices in Michigan are adopted, I will follow this Court’s current practice whereby the justice from whom recusal is sought decides the motion for recusal. Michigan’s current recusal practice is the same as that of the United States Supreme Court, and there is no indication in Caperton that this practice violates due process.

 While I do not acquiesce to the statements of Justices Corrigan, Markman, and Young, I will not participate in this Court’s practice of engaging in responses to comments of others that are inappropriate and unnecessary. This Court should discontinue devoting the state’s limited resources to unproductive colloquy